{¶ 19} I respectfully dissent.
 {¶ 20} In his sole assignment of error, appellant alleges that the trial court erred by sentencing him to consecutive sentences. He challenges the proportionality of his sentence, pursuant to R.C.2929.11(B). In effect, he argues that the seriousness and recidivism factors, set forth at R.C. 2929.12, indicate a shorter sentence was appropriate.
 {¶ 21} The majority's application of Foster to this challenge is not justified. Foster gives trial courts full discretion to impose sentences in the statutory range, and consecutive sentences. Id. at paragraph seven of the syllabus. It eliminates the appellate statute, R.C.2953.08(G)(2), regarding sections of the sentencing statutes which were severed. Foster at ¶ 99. However, nothing in Foster dictates that the sentencing statute is inapplicable regarding sections of the sentencing statutes which retain their vitality — such as R.C. 2929.11(B), and R.C.2929.12. Any challenge to the proportionality of a sentence of imprisonment will, necessarily, challenge its length. But absent further direction from the Supreme Court of Ohio, this collateral effect of a proportionality challenge does not justify appellate courts in applying an abuse of discretion standard to such challenges. Stare decisis indicates the appropriate analysis is that dictated by R.C.2953.08(G)(2): de novo, applying the clear and convincing standard.
 {¶ 22} Accordingly, I must dissent. *Page 1